UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   DAVID WAYNE JACKSON,                                    No. 16-12666-j7

Debtor.

**<u>MEMORANDUM OPINION AND ORDER</u>**

The Court held a final, evidentiary hearing on Opal Jackson's Claim No. 8 and the

Chapter 7 Trustee's objection to the claim (Docket No. 83) on July 31, 2018 and took the matter

under advisement. Jacqueline N. Ortiz appeared at the final hearing on behalf of Clarke C. Coll,

Chapter 7 Trustee. Opal Jackson appeared, *pro se.* The Debtor, David Wayne Jackson, also

appeared, *pro se.* Ms. Jackson filed a claim based on her contribution to the purchase price of a

condominium in Las Vegas, Nevada located at 2831 Geary Pl. (the "Nevada Condo"). Because

the Nevada Condo and the funds Ms. Jackson contributed to purchase the Nevada Condo are

community property, Ms. Jackson does not have a claim against the bankruptcy estate for the

funds she contributed to purchase the Nevada Condo. The Court will, therefore, sustain the

Chapter 7 Trustee's objection and disallow Ms. Jackson's claim.

FACTS

The parties stipulated to the following facts:

1.       David Wayne Jackson filed a voluntary petition under Chapter 7 of the

Bankruptcy Code on October 28, 2016. *See* Docket No. 1.[1]

2.       David Wayne Jackson and Opal Jackson were married in Las Vegas, Nevada.

3.       David Wayne Jackson and Opal Jackson were married when they purchased the

Nevada Condo.

---

[1] The Court took judicial notice of the docket of the bankruptcy case and of the claims register associated
with Mr. Jackson's bankruptcy case.

4. David Wayne Jackson and Opal Jackson were married when Opal Jackson paid a portion of the purchase price for the Nevada Condo.

5. Opal Jackson filed a proof of claim in David Wayne Jackson's bankruptcy case on March 29, 2018 as Claim No. 8.

Based on the evidence admitted at the final hearing, the Court makes the following additional findings of fact in accordance with Fed. R. Bankr. P. 9014(c) and 7052.

Opal Jackson filed a proof of claim for $40,000, and stated the following as the basis for her claim:

> Husband filed bankruptcy, lost condo in Las Vegas NV it was paid off. It was sold $125,000 value 189,000.  I spen[t] $40,000 towards purchase.  I have been separated from David for 2 years. I was not given notice of any deadline to file a proof of claim.

Attached to the proof of claim are the following documents: 1) Residential Purchase Agreement dated January 14, 2015 for the Nevada Condo; 2) a copy of a receipt for Opal Jackson from High Plains Federal for $11,200 (Exhibit 1); 3) a copy of an envelope from Merrill Lynch sent to Opal Jackson with a hand-written note stating "check deposited 11/3/2014 $11,200 hold for 5 day's 11/10/14" (Exhibit 2); 4) a copy of an envelope from Merrill Lynch sent to Opal Jackson with a handwritten note stating "10,000.00 401k Retirement for David condo in Vegas 2/13/13" (Exhibit 2); copies of various statements from a Walmart 401(K) plan for Opal Jackson (Exhibit 3); and 5) a copy of a statement from a Merrill Lynch retirement account for Opal Jackson (Exhibit 4).

David Wayne Jackson and Opal Jackson were married in 1967 or 1968; Ms. Jackson could not recall the exact year. They have been together for forty-eight years. Although they are now separated, they remain legally married to this day. No separation papers have been filed with any court, though Ms. Jackson considers herself separated from Mr. Jackson since before

Mr. Jackson filed his bankruptcy petition. Opal Jackson is listed on the docket of Mr. Jackson's bankruptcy case as his non-filing spouse. Opal Jackson began receiving notices concerning Mr. Jackson's bankruptcy case some time in 2017. She was not aware that Mr. Jackson filed his bankruptcy petition at the time he filed it.

Opal Jackson's retirement accounts are the result of her employment with Walmart. Ms. Jackson worked for Walmart from around 1985 until this past June. Ms. Jackson was married to Mr. Jackson for the entire period of her employment at Walmart.

David Wayne Jackson and Opal Jackson purchased the Nevada Condo in 2015 while they were married. All the money Ms. Jackson contributed to purchase the Nevada Condo came from Ms. Jackson's retirement accounts. When Mr. Jackson filed the Chapter 7 case, David Wayne Jackson and Opal Jackson both owned the Nevada Condo.

The Court set July 3, 2017 as the deadline to file proofs of claims in this bankruptcy case. *See* Docket No. 23. On April 2, 2018, the Court entered an order extending the deadline to file a proof of claim in Mr. Jackson's bankruptcy case to April 30, 2018. *See* Order Fixing Deadline to File Proofs of Claim – Docket No. 79. The Order Fixing Deadline to File Proofs of Claim provided further that all timely filed proofs of claim filed in the bankruptcy case would be deemed allowed unless a timely objection is filed. *Id.* Eight proofs of claim have been filed. American Heritage Bank filed a claim characterized in its proof of claim as fully secured. The other claims, exclusive of the claims filed by Opal Jackson and the New Mexico Department of Taxation and Revenue Department, total approximately $18,500. The New Mexico Department of Taxation and Revenue Department filed a claim in the amount of $694,035.91. Mr. Jackson stated to the Court that this claim arises from the operation of a business. The proof of claim

indicates that the business was known as New Vision Group Home. Ms. Jackson's proof of claim is the only claim that received a timely objection.

DISCUSSION

The Chapter 7 Trustee objected to Opal Jackson's proof of claim on the following grounds: 1) the proof of claim was untimely filed; 2) the Nevada Condo is community property that became property of the bankruptcy estate; and 3) the documentation attached to the proof of claim fails to demonstrate that the funds were used to improve the Nevada Condo. Opal Jackson asserts that she is entitled to recover an amount equal to the $40,000 she contributed from her retirement accounts to purchase the Nevada Condo.[2] The Chapter 7 Trustee sold the Nevada Condo for $125,000.

Although the parties presented the issue to the Court in the form of an objection to a proof of claim, Ms. Jackson's claim is not the type of claim for which a proof of claim must be filed. Instead, it is a claim to sale proceeds under 11 U.S.C. § 363(j).[3] As discussed below, Section 363(j) governs the claim of a co-owner of property sold by a bankruptcy trustee to a portion of the proceeds of sale prior to the trustee's proposed distribution under § 726. The Chapter 7 trustee has not yet proposed a distribution under § 726. Therefore, the Court will treat Opal Jackson's proof of claim as a motion for payment of sale proceeds to a co-owner of

---

[2] The Jacksons also complain that the Chapter 7 Trustee sold the Nevada Condo for only $125,000 when it was worth $185,000. However, the Jacksons did not object to the Chapter 7 Trustee's motion to sell the Nevada Condo. The Chapter 7 Trustee filed a motion to sell the Nevada Condo on September 29, 2017 and sent a 21-day notice of objection deadline to all creditors and parties in interest, including David Wayne Jackson and Opal Jackson. *See* Docket Nos. 50 and 52. No objections to the motion to sell were filed. The Court granted the motion to sell the Nevada Condo on October 27, 2017. *See* Docket No. 62. The Chapter 7 Trustee sold the Nevada Condo for $125,000. *See* Trustee's Report of Sale – Docket No. 69. Because the Jacksons did not object to the Chapter 7 Trustee's motion to sell, they cannot now assert that the sales price for the Nevada Condo was too low. The Court is sympathetic to Ms. Jackson's concerns regarding the sale of the Nevada Condo, but because the sale has already been approved by Court order, the Court is constrained from providing any relief.

[3] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

-4-

property under § 363(j). Because Ms. Jackson was not required to file a proof of claim to protect a claim to sale proceeds under § 363(j), the Court concludes that the Chapter 7 Trustee's objection to the proof of claim on the ground that it is untimely is without merit. And in any event, even if Ms. Jackson had been required to file a proof of claim, Ms. Jackson's proof of claim, filed March 29, 2018, was timely filed by the April 30, 2018 deadline fixed by the Court's order extending the time to file a proof of claim. *See* Docket No. 79.

The Court also concludes, based on the evidence, that Ms. Jackson does not have a valid claim to sale proceeds under § 363(j). As discussed below, when the Chapter 7 case was commenced Ms. Jackson owned a community property interest in the Nevada Condo that became property of the bankruptcy estate. Opal Jackson may only claim an interest in the proceeds from the Chapter 7 Trustee's sale of community property, including the Nevada Condo, if there is a surplus in the bankruptcy estate after the Chapter 7 Trustee pays all community claims in full. *See* 11 U.S.C. § 726(c)(2) (distribution of property of the estate to pay community claims). Thus, Opal Jackson's claim to any proceeds from the Chapter 7 Trustee's sale of community property is governed by § 726(c)(2), not § 363(j). Any claim to funds under § 726(c)(2) made now would be premature because the Chapter 7 Trustee has not yet proposed a distribution to creditors and other parties in interest. The Court will discuss § 726(c)(2) further below.

*Opal Jackson's claim to sale proceeds is not*
*the type of claim for which a proof a claim is filed*

Section 501 governs claims against the bankruptcy estate for which proofs of claim are filed. Except as provided by § 501(d), proofs of claim are filed for claims that arose prior to the commencement of the bankruptcy case. Section 501(d) applies to postpetition claims that are given the status of prepetition claims. 4 *Collier on Bankruptcy* ¶ 501.05 (Richard Levin & Henry

J. Sommer eds., 16th ed.). A debtor or nonfiling spouse who asserts a claim to proceeds from a bankruptcy trustee's sale of estate property does not have a claim against the bankruptcy estate for which a proof of claim must be filed because such a claim does not arise prior to the commencement of the bankruptcy case and is not a type of claim governed by § 501(d). Rather, the claim arises due to the Chapter 7 Trustee's post-petition sale of the asset. And, as explained below, § 726(c)(2) determines whether the proceeds from the sale are sufficient to create a surplus in the bankruptcy estate from which a debtor or nonfiling spouse may be entitled to a distribution.

> *A claim to proceeds of a trustee sale by a co-owner of an asset or by an owner*
> *where the asset became property of the estate arises under § 363(j) or § 726*

If an asset sold by the bankruptcy trustee was co-owned by the bankruptcy estate and a third party, the third party's claim to a portion of the sale proceeds is governed by § 363(j). Section 363(j) provides:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

Section 363(g) applies to a vested or contingent right in the nature of dower or curtesy and is not applicable here. Section 363(h) applies to co-owners with the estate that held an interest in the property that was sold as tenants in common, joint tenants or tenants by the entirety. [4] If, however, Opal Jackson's interest in the Nevada Condo became property of the

---

[4] In addition to sales or property owned by the estate and a nondebtor entity as tenants in common and joint tenants, §§363(h) and (j) apply to sales of the estate's and a nonfiling spouse's interests in property owned as tenants by the entirety. In each case, the co-owner's interest is not property of the estate. In the case of property owned by spouses as tenants by the entirety, the non-filing spouse's tenant by the entirety interest is not property of the estate. *In re Sauro*, No. 05-40202(RTL), 2008 WL 2237036, at *3 (Bankr. D.N.J. May 30, 2008).

-6-

bankruptcy estate upon Mr. Jackson's filing of the Chapter 7 case, Opal Jackson would not be a co-owner of the property with the estate because the estate would own her interest in the property. On the other hand, if her interest in the property did not become property of the estate, Opal Jackson would be entitled to a share of the sale proceeds as a co-owner under § 363(j).

If both Mr. and Ms. Jackson's interests in the Nevada Condo became property of the bankruptcy estate upon Mr. Jackson's filing of the Chapter 7 case, the proceeds of sale were also property of the estate. Ms. Jackson's entitlement to sale proceeds would then be governed by § 726, not § 363(j). Section 726 governs the entitlement by creditors, the debtor and a nonfiling spouse to the Chapter 7 trustee's distribution of estate assets. As discussed below, both Mr. and Ms. Jackson's interests in the Nevada Condo became property of the bankruptcy estate. Therefore, Ms. Jackson's entitlement to sale proceeds is governed by § 726.

*Both Mr. and Ms. Jackson's interests in the Nevada Condo became property of the estate because they held the Nevada Condo as community property*

The commencement of a bankruptcy case creates a bankruptcy estate consisting of all legal and equitable interests of the debtor in property as of the date of the filing of the case. 11 U.S.C. § 541(a). Regardless of whether a debtor's spouse files a joint petition with the debtor, all interests of the debtor and the debtor's spouse in community property as of the commencement of the bankruptcy case become property of the bankruptcy estate, provided the property is

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2). *See also*, *In re Strickland*, 153 B.R. 909, 912 (Bankr. D.N.M. 1993) ("Ordinarily, the filing of a Chapter 7 petition passes all community property into the estate.") (citing *Midi Music Center v. Smith (In re Smith)*, 140 B.R. 904, 906 (Bankr. D.N.M. 1992));

-7-

*Broach v. Michell (In re Bouzas)*, 294 B.R. 318, 321 (Bankr. N.D. Cal. 2003) ("[E]ven if only one spouse files the bankruptcy petition, virtually all of the community property becomes property of the estate, the nonfiling spouse's share of the community property as well as the debtor's.").

Upon discharge, the discharge injunction under § 524(a)(3) prevents creditors from seeking to collect on a community claim from property of the debtor, including from community property acquired after the commencement of the case, unless the community claim is excepted from discharge, or otherwise would be excepted from discharge in a hypothetical case filed by the debtor's spouse. 11 U.S.C. § 524(a)(3).[5] *See Strickland,* 153 B.R. at 912 ("[F]or a creditor to properly object to a community property discharge accorded nonfiling spouses in community property states, the creditor must proceed against the nonfiling spouse in a hypothetical case involving the nonfiling spouse, if only one spouse has filed.") (citing *Midi Music,* 140 B.R. at 909-10). Thus, unless the exception applies, both the debtor and the debtor's non-filing spouse receive the benefit of the discharge with respect to community claims. *See Strickland,* 153 B.R. at 912 ("Attempts to collect a claim from the community property of the debtor and the nondebtor spouse would violate section 524.") (citing *Gonzales v. Costanza (In re Costanza),*

---

[5] Section (a)(3) of 11 U.S.C. § 524 provides:

A discharge in a case under this title—

> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case on account of any allowable community claim, except a community claim that is excepted from discharge under section 523,1128(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of section 523(c) and 523(d) of his title in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(a)(3).

-8-

151 B.R. 588 (Bankr. D.N.M. 1993)). "'[I]f community property was in the estate, and community claims were discharged, [the discharge] is effective against community creditors of the non-Debtor spouse as well as the Debtor . . .'" *Strickland,* 153 B.R. at 912 (quoting *In re Green,* 12 B.R. 594, 596 (Bankr. D.N.M. 1981)). *See also, In re Soderling,* 998 F.2d 730, 733 (9th Cir. 1993) ("All claims against a marital community are discharged" except for community claims excepted from discharge).

Because all community property as of the commencement of the bankruptcy case is included in the bankruptcy estate, regardless of whether both spouses file a joint petition, and because the discharge applies to all community claims, Ms. Jackson can prevail on her claim against the estate only if she can establish that her interest in the Nevada Condo is her separate property. *Cf. In re Moore*, 318 B.R. 679, 681-82 (Bankr. W.D. Wis. 2004) (explaining that "the nondebtor spouse's separate property is not protected by § 524(a)(3) or any other statement of the discharge injunction."). "While federal law determines that community property is part of the bankruptcy estate, courts must look to state law to determine what constitutes 'community property.'" *Swink v. Sunwest Bank (In re Fingado)*, 995 F.2d 175, 178 (10th Cir. 1993) (citing *In re McCoy*, 111 B.R. 276, 279 (Bankr. 9th Cir. BAP 1990)).

Both New Mexico, where Mr. Jackson filed his Chapter 7 case, and Nevada, where the Nevada Condo is located, are community property states. *See Montoya v. Sasso (In re Sasso)*, 560 B.R. 801, 804 (Bankr. D.N.M. 2016) (observing that "New Mexico is a community property state.") (citations omitted); N.M.S.A. 1978 § 40-3-8 (New Mexico statute defining "separate property" and "community property"); *In re Field,* 440 B.R. 191, 194 (Bankr. D. Nev. 2009) ("Nevada is a community property state . . ."); NEV.REV. STAT. § 123.220 (Nevada statute defining "community property"). Under Nevada law, there is a presumption "that all property not

-9-

acquired by gift, bequest, or devise belongs to the 'community' created when two people marry."
*Field*, 440 B.R. at 194 (citing *Waldman v. Maini,* 195 P.3d 850, 855 (Nev. 2008)). Per
NEV.REV. STAT. §§ 123.225 and 123.230, all aspects of community property acquired during
marriage is subject to the joint control of both spouses. *Field*, 440 B.R. at 195. Retirement
benefits earned during marriage are community property under Nevada law. *See Walsh v.
Walsh*, 103 Nev. 287, 288, 738 P.3d 117, 117 (1987) (per curiam) ("[O]nly retirement benefits
earned during the marriage are community property.") (citing *Forrest v. Forrest*, 99 Nev. 602,
607, 668 P.2d 275, 279 (1983) (remaining citation omitted)); *Holyoak v. Holyoak,* No. 67490,
2016 WL 2957146, at *2 (Nev. May 19, 2016) (stating that retirement benefits "earned during a
marriage qualify as community property, even if they are not vested.") (citing *Gemma v. Gemma*,
105 Nev. 458, 460-61, 778 P.2d 429, 430 (1989)). The presumption under Nevada law that all
property acquired after marriage is community property can only be overcome by clear and
convincing evidence. *Peters v. Peters*, 92 Nev. 687, 690, 557 P.2d 713, 715 (1976).

Because David Wayne Jackson and Opal Jackson acquired the Nevada Condo during
their marriage, the Nevada Condo is community property under Nevada law. And, under
bankruptcy law, the Nevada Condo is part of the bankruptcy estate because it is under the joint
control of both spouses under Nevada law. As for Ms. Jackson's contribution of funds for the
purchase of the Nevada Condo, those funds were also community property under Nevada law.
Opal Jackson's contribution to the purchase price for the Nevada Condo consisted of the money
from her retirement account earned during her marriage to David Wayne Jackson. It was
therefore presumed to be community property under Nevada law. *See* NEV.REV. STAT. §
123.220 ("All property . . . acquired after marriage by either spouse or both spouses, is
community property . . ."); *Peters,* 92 Nev. at 690, 557 P.2d at 715. Ms. Jackson did not

-10-

overcome the presumption that the funds she used towards the purchase of the Nevada Condo are community property.[6]

Because the funds Opal Jackson contributed to purchase the Nevada Condo were community property, her interest in the Nevada Condo is an interest in community property. That interest became property of the bankruptcy estate when Mr. Jackson commenced the Chapter 7 case. 11 U.S.C. § 541(a)(2).

*Opal Jackson's claim to proceeds from the Chapter 7 Trustee's*
*sale of the Nevada Condo is governed by § 726(c)(2)*

As discussed above, David Wayne Jackson and Opal Jackson held the Nevada Condo as community property and both of their community property interests became property of the bankruptcy estate. As a result, Opal Jackson's claim to proceeds from the Chapter 7 Trustee's sale of community property is governed by § 726(c)(2).

With exceptions not applicable here, § 726(c)(2) governs the Chapter 7 Trustee's distribution of proceeds of community property that became property of the estate. In general, the proceeds of community property are distributed first to pay administrative expenses, if appropriate, and, second, to pay community claims in full.[7] If a surplus remains, the debtor's nonfiling spouse may be entitled to remaining proceeds of community property attributable to

---

[6] New Mexico, like Nevada, is a community property state. If the nature of Ms. Jackson's interest in the Nevada Condo were governed by New Mexico law, the Nevada Condo still would be community property and the result would be the same. *See* N.M.S.A. 1978 § 40-3-8 (defining separate and community property); N.M.S.A. 1978 § 40-3-12(A) ("Property acquired during marriage by either husband or wife, or both, is presumed to be community property.").

[7] The Code defines "community claim" as a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case." Section 541(a)(2) defines community property that becomes property of the estate upon commencement of the bankruptcy case.

-11-

her 50% interest in the community property that became property of the estate. *See generally* 6 *Collier on Bankruptcy* ¶ 726.05[3] (Richard Levin & Henry J. Sommer eds., 16th ed.).[8]

CONCLUSION

Based on the foregoing, the Court concludes that the claim Opal Jackson asserted by proof of claim must be disallowed. Disallowance of the claim is without prejudice to Opal Jackson objecting to the Chapter 7 Trustee's proposed distribution of estate assets under § 726. If either Opal Jackson or the New Mexico Department of Taxation and Revenue objects to the Chapter 7 Trustee's proposed distribution, they must timely file an objection, or the objection will be waived.

WHEREFORE, IT IS HEREBY ORDERED that Claim No. 8 of Opal Jackson is hereby disallowed. Disallowance of Claim No. 8 is without prejudice to Opal Jackson objecting to the Chapter 7 Trustee's proposed distribution of estate assets under § 726.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: August 7, 2018

COPY TO:

Opal L. Jackson
3501 Corlington
Clovis, NM 88101

---

[8]In connection with his motion to approve a distribution of estate property prior to the closing of this bankruptcy case, the Chapter 7 Trustee should determine whether all community claims will be paid in full from the distribution and whether there is any surplus to distribute to Opal Jackson. In particular, the Chapter 7 Trustee should evaluate whether the claim of the New Mexico Department of Taxation and Revenue is a community claim.

-12-

David Wayne Jackson
3209 Mandell Circle
Clovis, NM 88101

Clarke C. Coll
Chapter 7 Trustee
PO Box 2288
Roswell, NM 88202-2288

Jacqueline Ortiz
Attorney for Chapter 7 Trustee
Askew & Mazel, LLC
1122 Central Ave. SW Suite 1
Albuquerque, NM 87102